## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LUIS R. SOTO LEBRON, et al
    Plaintiffs
              v.                      Civil No. 02-2553(SEC)
FEDERAL EXPRESS CORPORATION,
et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket #183** Plaintiffs' Informative Motion Regarding Testimony of Witnesses | **NOTED.** |
| **Docket #188** Defendants' Motion for Reconsideration of Order Regarding Testimony of Leger and Colomba | **DENIED.** The fact that there was a motion for summary judgment and, later, a motion for reconsideration of the denial of summary judgment pending is no excuse for Defendants not to timely identify and/or substitute the witnesses that would testify at trial. |
| **Docket # 204** Defendants' Motion Requesting Order for Supplementary Production and Transcription of Medical Records and Psychotherapy Notes | **GRANTED.** Defendants have requested that this Court order Dr. Hernández-Plana and Dr. González to furnish a complete and <u>updated</u> copy of plaintiffs' medical records and psychotherapy notes. Defendants also inform the Court that the handwritten psychotherapy notes that have already been produced are virtually illegible and, therefore, it is necessary for Dr. Hernández-Plana and Dr. González to transcribe those notes. Plaintiffs have not objected to these requests. Therefore, Defendants' requests are **GRANTED**. Dr. González and Dr. Hernández-Plana are **ORDERED** to produce an exact and updated copy of plaintiffs' medical records and psychotherapy notes forthwith and to transcribe those handwritten psychotherapy notes that Defendants specifically identify as being illegible. Costs shall be borne by Defendants. |

| MOTION | RULING |
|---|---|
| **Docket # 205**<br>**Plaintiffs' Motion for Reconsideration Regarding Defendants' Additional Witnesses and/or Request for Order Seeking the Exclusion of Carlos Dueño as New Witness** | **DENIED.** Given Mr. Jesús Rodríguez's inability to be present at trial, the Court had previously granted Defendants' request to take a deposition to preserve his testimony for trial and to substitute Mr. Rodríguez with Mr. Carlos Dueño as to those parts of his testimony that could be provided by another witness (see Dckt # 202). The Court's allowance of Defendants' proposition that Mr. Rodríguez's live testimony be split two ways was the result of an unforseen and unavoidable situation: Mr. Rodríguez's activation for military duty. While the Court understands that this is hardly an ideal scenario, as it is neither party's fault that a previously announced witness will be unavailable to testify due to a military commitment, the parties and the Court must make do with the present circumstances. Defendants have asserted that they relied on the Court's previous order (Dckt # 202) when taking Mr. Rodríguez's deposition and thus did not question him as to those areas for which Mr. Dueño would be brought as a substitute witness (see Dckt # 220, p. 6). Thus, the Court will not alter its previous ruling on this matter. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**. |
| **Docket # 206**<br>**Plaintiffs' Motion in Limine Seeking the Exclusion of an Inadmissible "Incident Report" with its Attachments** | **DENIED.** Plaintiffs seek to exclude an incident report purportedly signed by one Agent Dermot Hannon of the Florida Police and its attachments. Said incident report states that due to his K-9's behavior, Agent Hannon suspected there were drugs in the package sent by Co-plaintiff Soto Lebrón, that Agent Hannon obtained a search warrant for the package and did a field presumptive test on a substance that was found in a bottle inside the package. As per the incident report, that test resulted positive for the presence of cocaine. Plaintiffs assert that this incident report, along with its attachments, is inadmissible hearsay. Defendants reply that the document is not hearsay inasmuch as it is not offered to prove that its contents are true, but rather that FedEx relied on the document to take adverse employment action against Co-plaintiff Soto Lebrón. The Court agrees that if FedEx does not offer the incident report and its attachments as a way to prove that its contents --i.e., that the package sent by Co-plaintiff Soto Lebrón indeed tested positive for drugs or that it contained drugs-- are true, it is not hearsay. Therefore, Plaintiffs' Motion in Limine is **DENIED**. However, should FedEx's purported use of this document vary during the course of the trial the Court will revisit the issue and rule on it upon timely objection. |

| MOTION | RULING |
|---|---|
| **Docket # 207**<br>**Plaintiffs' Second Motion in Limine for the Exclusion of Carlos Dueño as FedEx's New Witness** | **DENIED.** See Ruling in Docket # 205, above. |
| **Docket # 208**<br>**Defendants' Motion in Limine Requesting the Exclusion of References to "Drug Trafficking"** | **DENIED.** Defendants seek to bar Plaintiffs from stating that FedEx accused Co-plaintiff Soto Lebrón of being a "drug trafficker". To that end, Defendants argue that Plaintiffs will wrongly characterize FedEx's communications since stating that a person has sent drugs in a package and accusing that person of being a "drug trafficker" are two different things. Defendants assert that allowing Plaintiffs to use this particular language would unduly prejudice the jury against Defendants. Defendants' request is **DENIED**. The Court agrees with Plaintiffs that Defendants are splitting linguistic hairs and that Plaintiffs, and their Counsel, are entitled to their choice of words. To be sure, Defendants need not limit themselves to the vocabulary favored by Plaintiffs and may choose to paint their picture with a different set of words. |
| **Docket # 209**<br>**Defendants' Motion in Limine Requesting the Exclusion of Plaintiffs' Demonstrative Evidence of the Package with FedEx's Knocker** | **DENIED.** Defendants would have the Court order the exclusion of the package Co-plaintiff Soto Lebrón sent to Iris Romero with FedEx's door knocker attached to it because this demonstrative evidence is irrelevant. Plaintiffs reply that the evidence is relevant because it shows that at all times the package was in FedEx's control and that FedEx delivered the package, which in turn shows that FedEx knew that there were no drugs in the package. Plaintiffs add that the jury needs to see the package in order to understand the testimony of the witness who received it. Inasmuch as the package with door knocker could be part of Plaintiffs' attempt to establish that FedEx knew the package had no drugs and still defamed Co-plaintiff Soto Lebrón, it is relevant. Accordingly, Defendants' motion to exclude the package and door knocker is **DENIED**. |

| MOTION | RULING |
|---|---|
| **Docket # 210**<br>**Defendants' Motion in Limine Requesting the Exclusion of Iris V. Romero, Irielys V. Sabat, and Rafael Burgos as Witnesses** | **GRANTED in part and DENIED in part.** Defendants request that the testimony of Iris V. Romero and Irielys V. Sabat be excluded because it was Co-plaintiff Soto Lebrón, and not FedEx, that informed Romero that the package sent by him had problems with the Florida authorities. Defendants add that Sabat's testimony would be irrelevant and that the testimony of both witnesses would be unfairly prejudicial. As to this last point, Defendants explain that the jury could confuse the facts related to the receipt of the package and its condition with the defamation and termination claims made by Co-plaintiff Soto-Lebrón. The Court has considerably more faith in the jurors than Defendants seem to have and thus expects that the jury will not so easily confuse these issues. As to relevance, Plaintiffs have asserted that this evidence will show what the package contained, that the package was under FedEx's control and custody, and that FedEx knew, or had reason to know, that the package contained no drugs. This is relevant to Plaintiffs' case and thus Defendants' motion to exclude these two witnesses' testimonies is **DENIED**.<br> Defendants also seek to exclude the testimony of Rafael Burgos, a FedEx employee who is to testify that FedEx Security Specialist José Pérez falsely accused him of stealing and threatened to have him terminated. Defendants argue that this evidence is not relevant, as it does not make any element of Plaintiffs' claims more or less probable, that it would be unduly prejudicial because the jury could assume that since Burgos was falsely accused, so too was Co-plaintiff Soto Lebrón, and that it is impermissible character evidence because it invites the jury to conclude that José Pérez's character is that of a harasser and that, in dealing with Co-plaintiff Soto Lebrón, Pérez acted pursuant to that character. Plaintiffs reply that this character evidence is admissible because FedEx will attempt to show its good faith and this evidence speaks to FedEx's intent and good faith. However, the proposed evidence does not refer to FedEx's good or bad faith in its dealings with Co-plaintiff Soto Lebrón but with another employee unrelated to Co-plaintiff Soto Lebrón's case. As it stands at this point, therefore, the testimony of Burgos about Pérez's wrongful accusations has no bearing on Plaintiffs' case and merely show Pérez's and FedEx's alleged treatment of other employees. Thus, Defendants' motion as to Rafael Burgos is **GRANTED**. |

| MOTION | RULING |
|---|---|
| **Docket # 211** Defendants' Motion in Limine to Preclude Plaintiffs from Inquiring from FedEx' Witnesses Facts Which They Became Aware of During Litigation | **DENIED.** |
| **Docket # 212** Defendants' Motion in Limine Requesting the Exclusion of Nelson Rivera Pérez, Manuel Díaz, and Ruth Cabrera Algarín Based on Inadmissible Hearsay and Lack of Personal Knowledge | **DENIED.** Briefly put, these three witnesses will testify that the information disseminated among FedEx employees was that Co-plaintiff Soto Lebrón was terminated for having sent a package containing drugs. That Plaintiffs seek for the jury to infer that since only Management had knowledge of the facts necessary to make that assertion someone from Management must have set the rumor mill to work, is no reason to exclude this evidence. Defendants are free to counter this proposed inference in cross. Defendants' contention about the witnesses' failure to identify the source of the rumors is equally unavailing; if the witnesses lack credibility because of that lapse in memory, Counsel for Defendants can surely convey that idea to the jury. Moreover, once again, this type of testimony is not hearsay but merely a recount of rumors which are not offered for the veracity of their content, but merely to show that indeed such was the information that FedEx employees heard regarding Co-plaintiff Soto Lebrón's termination. |
| **Docket # 213** Defendants' Motion in Limine Requesting the Exclusion of Exhibits 15, 16, 18, 20, and 21 from Plaintiffs' Documentary Evidence for Failure to Disclose | **DENIED.** The evidence Defendants now seek to exclude are documents prepared by FedEx's Management. |
| **Docket # 214** Defendants' Motion in Limine Requesting the Exclusion of the Testimony of Dr. Omar González and Dr. Hernández Plana | **MOOT.** See Plaintiffs' Informative Motion Regarding Cumulative Witnesses in Docket # 245. |

| MOTION | RULING |
|---|---|
| **Docket # 219** **Defendants' Motion for the Court to Reserve Resolution of Plaintiffs' Motion for Reconsideration until Defendants File their Opposition to Plaintiffs' Second Motion in Limine** | **GRANTED.** See Ruling in Dockets ## 205 and 207, above. |
| **Docket # 245** **Informative Motion Regarding Cumulative Witnesses** | **NOTED.** |

DATE:   January 11, 2006.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge